UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID KNOX and CAROLYN SCHACHT, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> -against- <br><br> CENGAGE LEARNING HOLDINGS II, INC., CENGAGE LEARNING, INC., and DOE AFFILIATED ENTITIES 1-10, <br><br> Defendants. | No. 18 Civ. 04292 (GBD) (BCM) |

**STIPULATION AND PROTECTIVE ORDER RE
<u>CONFIDENTIALITY OF DISCOVERY MATERIAL</u>**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists to issue a confidentiality order governing this action pursuant to Federal Rule of Civil Procedure 26(c), it is hereby

ORDERED that any person subject to this Order – including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all third parties providing or reviewing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such "Confidential" or "Highly Confidential" Discovery Material to anyone else except as expressly permitted hereunder.

2. The parties may cooperate to update the below lists of categories to further define documents that may be categorized as "Confidential" or "Highly Confidential" without requiring amendment of this Order.

3. Each party or non-party that designates information or items for protection under this agreement must exercise restraint and take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate designations are prohibited. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

4. The person producing any given Discovery Material may designate it as "Confidential" if that person maintains a good faith belief that it constitutes material that is not available to interested non-parties and constitutes:

    a. Highly sensitive and non-public financial information, the disclosure of which would create a substantial risk of commercial, economic, or competitive harm;

    b. Non-public material relating to ownership or control of any non-public company;

    c. Non-public business plans, product development information, or other sensitive business information, the disclosure of which would create a substantial risk of commercial, economic, or competitive harm;

    d. Deposition transcripts and exhibits subject to protective orders entered in other cases; and/or

    e. Any other category of information given "Confidential" status by the Court.

5. The person producing any given Discovery Material may designate it as "Highly Confidential" if that person maintains a good faith belief that it constitutes material that is not available to interested non-parties and constitutes:

    a. Highly sensitive and non-public trade secrets (which may include current or recent pricing information), the disclosure of which would create a substantial risk of commercial, economic, or competitive harm;

3042529_2

      b.   Highly sensitive and non-public personal information, including an individual's financial information, social security number, taxpayer identification number, birth date, financial-account number, and/or the name of an individual known to be a minor; and/or

      c.   Any other category of information given "Highly Confidential" status by the Court.

6.    With respect to the "Confidential" or "Highly Confidential" portion(s) of any Discovery Material other than deposition transcripts and exhibits from this case, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

7.    With respect to deposition transcripts and exhibits from this case, a producing person or that person's counsel may indicate on the record that a question calls for "Confidential" or "Highly Confidential" information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.  Whenever information designated as "Confidential" or "Highly Confidential" pursuant to this Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 10 and 11 below, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

8.    Within fifteen (15) days after receipt of the transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Highly Confidential" any portion of the transcript that the party or witness contends discloses confidential or highly confidential information, respectively.  If a transcript, or portion thereof, containing any such material is filed with the Court, it shall be filed under seal and marked in the

manner described in paragraph 14.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the fifteen- day period.

9. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Highly Confidential," the producing person may so designate by informing all parties in writing, and the designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" or "Highly Confidential" under the terms of this Order, to the extent practicable, and subject to the right of the receiving party to challenge any such designations.

10. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person, except to:

   a. The parties to this action and party deponents;

   b. Counsel retained for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. The author, addressee, and any other person indicated on the face of a document designated as "Confidential" as having received a copy;

   d. Any fact or expert witness testifying for Cengage, as well as current employees of Cengage who counsel for a party in good faith believes may be called to testify at trial or deposition in this action;

   e. Any third party fact witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person is either already privy to the information designated as "Confidential" or has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. Any person retained by a party to serve as an expert witness or consultant, or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. Stenographers engaged to transcribe depositions conducted in this action;

h.  The Court and its support personnel;

i.  Members of any jury empaneled in this case; and

j.  Litigation support services, including outside copying or imaging services, jury consultants and individuals participating in mock juries for such consultants, court reporters, videographers , stenographers, and persons or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by and working at the direction of counsel for the purposes of assisting counsel in this litigation, provided that counsel for the party retaining the litigation support service instructs the service not to disclose any "Confidential" material to third parties and to immediately return all originals and copies of any "Confidential" material upon conclusion of this case, and that an authorized representative of the service has first executed a Non- Disclosure Agreement in the form annexed as an Exhibit hereto.

11.  No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential" to any other person, except to:

a.  Counsel retained for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

b.  The author, addressee, and any other person indicated on the face of a document designated as "Highly Confidential" as having received a copy;

c.  Any fact or expert witness testifying for Cengage, as well as any then-current employee of Cengage whose deposition has been noticed or who is testifying at trial;

d.  Any third-party fact witness at their deposition or when testifying at trial, prov1ded such person IS either already privy to the information designated as "Highly Confidential" or has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and provided that no party has moved within 7 days of service of a notice of deposition of the third-party fact Witness or service of a trial witness list for a protective order to preclude the disclosure of "Highly Confidential" information to the third-party fact witness or that any such motion has been denied;

e.  Any person retained by a party to serve as an expert witness or consultant, or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.  Stenographers engaged to transcribe depositions conducted in this action;

    g. The Court and its support personnel;

    h. Members of any jury empaneled in this case; and

    i. Litigation support services, including outside copying or imaging services, jury consultants and individuals participating in mock juries for such consultants, court reporters, videographers, stenographers, and persons or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by and working at the direction of counsel for the purposes of assisting counsel in this litigation, provided that counsel for the party retaining the litigation support service instructs the service not to disclose any "Highly Confidential" material to third parties and to immediately return all originals and copies of any "Highly Confidential" material upon conclusion of this case, and that an authorized representative of the service has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

12. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" or "Highly Confidential" to any other person other than those listed in paragraphs 10 and 11, unless additional persons are stipulated by counsel or authorized by the Court, or with the express permission of the designating person.

13. Prior to any disclosure of "Confidential" Discovery Material to any person referred to in subparagraphs 10(e), (f) or (j) or "Highly Confidential" Discovery Material to any person referred to in subparagraphs 11(d), (e) or (i), such person shall be provided with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.

14. Discovery Material designated "Confidential" or "Highly Confidential" shall only be disclosed to third-party witnesses, consultants or experts to the extent that counsel reasonably believes such material is relevant to the expected testimony of such witness or to the assignment for which such consultant or expert has been retained.

15. All "Confidential" or "Highly Confidential" Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose

such "Confidential" or "Highly Confidential" Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The party filing such a document shall submit an unredacted copy to chambers in accordance with the Court's Local Rules and Individual Practices, including Section 6 of the Court's Electronic Case Filing Rules & Instructions.  The party asserting confidentiality shall bear the burden of demonstrating the propriety of sealing and shall be responsible for submitting such information as is required to the Court.  Redacted copies will be publicly filed.

16. Any party who intends to reveal "Confidential" or "Highly Confidential" Discovery Material to another Party during a trial, court appearance, or hearing which is open to the public, shall provide reasonable notice and an opportunity to object, unless consent from the designating party is obtained.

17. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential."

19. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall notify the designating party of notice of the objection, and confer with counsel for the designating party within 7 days.  As part of that conferral, the designating party

must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, the designating party may file an appropriate motion before the Court within 7 days after the conferral of the parties, requesting that the Court determine whether the document at issue was properly designated.  The party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

20. The inadvertent failure to designate information or documents as "Confidential" or "Highly Confidential," that is timely corrected, will not be constitute an admission that information or documents are or are not confidential or trade secrets.

21. The production of documents, electronically-stored information ("ESI") or other information subject to a claim of attorney-client privilege or attorney work product ("Inadvertently Disclosed Information") is not a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

22. When a producing party gives notice that Inadvertently Disclosed Information is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d).

23. Should a receiving party move the Court for an Order compelling production of the Inadvertently Disclosed Information, the disclosing party retains the burden of establishing

the privileged or protected nature of any Inadvertently Disclosed Information. The receiving party shall treat Inadvertently Disclosed Information as Highly Confidential pending a ruling from the Court.

24. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all "Discovery Material" designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be returned to the producing person, or, at the option of the receiving party and with notice to the producing person, destroyed. To the extent information is to be returned to the producing party, the party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding this provision, no party will be under any obligation to return or destroy work product materials, including portions of "Confidential" or "Highly Confidential" Discovery Material which has become work product or which it designated as "Confidential" or "Highly Confidential." Further, notwithstanding this provision, each law firm acting as counsel for a party or parties may retain copies of any deposition transcript, court transcript, and any papers filed with the Court, even if those transcripts and papers contain "Confidential" or "Highly Confidential" Discovery Material.

25. Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of "Confidential" or "Highly Confidential" Discovery Material, or other modifications, subject to order by the Court.

26. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is

taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

Dated: September 4, 2018

| | |
|---|---|
| SLARSKEY LLC | SATTERLEE STEPHENS LLP |
| By: _s/David Slarskey_<br>David Slarskey | By: _s/James F. Rittinger_<br>James F. Rittinger |
| 800 Third Avenue, 18th Floor<br>New York, NY 10022 | 230 Park Avenue, Suite 1130<br>New York, NY 10169 |
| *Counsel for Plaintiffs* | *Counsel for Defendants Cengage Learning Holdings II, Inc. and Cengage Learning Inc.* |

**SO ORDERED:**

_____

3042529_2